IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION




| | | |
|---|---|---|
| CHUCKWA DON CRABTREE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-104 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO GRANT RESPONDENT'S MOTION TO DISMISS and**
**TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AS TIME BARRED**

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner CHUCKWA DON CRABTREE. By his habeas application, petitioner challenges his August 25, 2011 conviction, pursuant to a guilty plea, for the offense of murder out of the 84th Judicial District Court of Ochiltree County, Texas, and the 40-year sentence assessed for that conviction. *State v. Crabtree*, No. 4600.

On September 7, 2016, respondent filed a motion to dismiss petitioner's habeas application as time barred. On October 17, 2016, petitioner filed a response opposing respondent's motion. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that respondent's motion should be GRANTED, and the petition for a writ of habeas corpus be DISMISSED as time barred.

## I.
## STATEMENT OF THE CASE

On January 14, 2011, an Indictment charging petitioner with the first degree felony offense of murder under section 19.02(b)(1) of the Texas Penal Code alleged petitioner, on October 27, 2010:

> [D]id then and there intentionally or knowingly cause the death of an individual, namely MICHEL GOOLIE MILLER by shooting him with a firearm.

The Indictment also alleged petitioner had been convicted of two prior felony offenses in 2002 and 2003 for purposes of enhancing his punishment range.

On August 25, 2011, after being admonished by the trial court, petitioner entered a plea of guilty pursuant to a plea bargain and executed a document entitled *Defendant's Written Stipulations and Waivers* making a judicial admission to committing the offense of murder as charged in the indictment. Petitioner consented to the written stipulations document being introduced into evidence as evidence of his guilt and to show the voluntariness of his guilty plea and that he understood the nature and consequences of his actions. Petitioner also testified at the guilty plea hearing, admitting his guilt of the murder offense. The trial court accepted petitioner's guilty plea, found petitioner guilty of murder as alleged in the Indictment, and assessed punishment at forty (40) years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division, as recommended by the prosecution. Judgment, signed and entered August 25, 2011, did not make any findings as to the minimum punishment enhancement paragraphs. Petitioner did not file a direct appeal of his conviction or sentence.

On September 3, 2014, petitioner purportedly placed in the prison mail system a state application for habeas corpus relief challenging this conviction, such application being received and filed of record on September 12, 2014. By his state application, petitioner alleged, among other

things, that trial counsel was ineffective, causing his plea to be unknowingly and involuntarily entered, because counsel failed to adequately plead a motion to suppress petitioner's custodial statements, failed to investigate and challenge the validity of the punishment enhancement allegations, and failed to advise petitioner of his options, the benefits of going to trial, and the consequences of pleading guilty. On remand for a hearing on petitioner's ineffective assistance and involuntary plea claims, the state trial court entered Findings of Fact and Conclusions of Law finding the motion to suppress was adequately pled, and that petitioner's minimum punishment range was erroneously treated as being 25 years rather than15 years but noting there were no findings as to the punishment enhancement paragraphs, that petitioner's 40-year sentence was an agreed sentence, and that petitioner was sentenced within the appropriate sentencing range. The state trial court concluded petitioner was not prejudiced by trial counsel's performance, and that petitioner's plea was knowingly and voluntarily entered. On March 9, 2016, the Texas Court of Criminal Appeals denied petitioner's state habeas application, after remand, without written order. *In re Crabtree*, No. 84,057-01.

On May 17, 2016, petitioner purportedly placed the instant federal application for habeas corpus in the prison mailing system. In response to the form's instruction for petitioner to explain why the one-year statute of limitation does not bar his federal habeas application, petitioner stated:

> I have sent several requests to the district clerk of the convicting court in an attempt to obtain my transcripts all to no avail. Everything that I have read instructing me in this process has told me that I needed my transcripts so I have been reluctant to proceed without them. I was finally able to get my attorney to provide me with the paperwork that he had so I used them as best as I could. After completing my 11.07 and sending it to the courts, I received notice that it was received and of the number assigned it then heard nothing else. I wrote several times to try and find out its status but never heard anything. My mother finally called and asked them about it and according to the lady she spoke with it had "fallen through the cracks." So it has been a pretty drawn out process.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. The prosecution committed prosecutorial misconduct by advising the media that petitioner's prior felony convictions alleged in the Indictment could elevate his minimum sentence range;

2. Inculpatory statements petitioner gave to the police were given while petitioner was under the influence of drugs and alcohol;

3. The state trial court erred in denying petitioner's motion to change venue;

4. Petitioner was denied effective assistance of counsel because counsel failed to:

    a. support a motion to suppress petitioner's statements with adequate argument and citation;

    b. investigate the propriety of using the two (2) prior convictions alleged in the Indictment to enhance petitioner's minimum punishment range; and

    c. properly advise petitioner regarding defensive strategies and mitigation evidence.

## III.
## TIME BAR

On September 7, 2016, respondent filed a motion to dismiss petitioner's federal habeas application as time barred. In that response, respondent fully and accurately briefed statutory and case law regarding the statute of limitations in federal habeas corpus cases, as well as the application of statutory and equitable tolling of the limitation period in federal habeas corpus proceedings. Respondent also fully and accurately set forth relevant dates in this case, and analyzed the timeliness of petitioner's federal habeas application.

On October 17, 2016, petitioner filed a response to respondent's motion to dismiss asserting he was "wrongfully convicted" and is "incarcerated in violation of the laws" and that the denial of further review of his claims would amount to a denial of due process.

## IV.
## FINDINGS AND CONCLUSIONS

The undersigned makes the following findings:

1. The state trial court imposed petitioner's 40-year sentence in open court on **August 25, 2011**;[1]

2. Petitioner did not file a direct appeal of his conviction or sentence. Therefore, petitioner's conviction became final on **September 26, 2011,** when the 30-day period to file a notice of appeal expired.[2] Tex. R. App. P. 26.2(a)(1); *see Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002) (finality determined by when time for filing further appeals expires).

3. The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

4. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

5. Petitioner's claims are not of such a nature that petitioner was unable to exercise due diligence and discover the claims at an earlier date.

6. Consequently, the 1-year period of limitation in this case began on **September 26, 2011**, the date on which petitioner's judgment became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

7. Petitioner's federal habeas corpus petition was thus due on or before **September 26, 2012**, unless statutorily or equitably tolled.

8. Petitioner's state habeas application, filed September 3, 2014, was filed after the

[1] Although the Judgment states sentence was imposed on August 22, 2011, the guilty plea proceedings were held on August 25, 2011 and Judgment was entered August 25, 2011.

[2] The 30-day period expired on September 24, 2011, a Saturday. Therefore, the period was extended to Monday, September 26, 2011. Tex. R. App. P. 4.1(a).

expiration of the limitation period and did not statutorily toll the 1-year statute of limitations.

9. Petitioner has not demonstrated he is entitled to any periods of equitable tolling from September 26, 2011 - September 26, 2012 (*see* discussion below regarding Equitable Tolling).

10. Petitioner's federal habeas corpus application, filed May 24, 2016 when it was purportedly placed in the prison mailing system, was filed after the expiration of the statute of limitations and is time barred.

11. Petitioner has not asserted he is actually innocent of committing the offense of which he was convicted, nor has he demonstrated actual innocence, as an exception by which to avoid the time bar.

Therefore, for the reasons set forth by respondent and based on the above findings of the court, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus be DISMISSED.

## V.
## EQUITABLE TOLLING

The one-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his habeas rights diligently, and (2) that some "extraordinary circumstance" stood in his way and prevented him from effecting a timely filing. *Id.* at 649, 130 S.Ct. 2549. Equitable tolling can apply to the one-year limitation period of section 2244(d) only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Holland*, 130 S.Ct. at 2565.

Petitioner appears to argue the one-year limitation period, which began September 26, 2011,

should be equitably tolled for the following reasons:

Records and/or transcripts of state court proceedings: Petitioner states he believed he needed the records and/or transcripts of the state court proceedings in order to file a state habeas application challenging his conviction and sentence. The absence of records, delays in receiving records/transcripts, or the inability to obtain records/transcripts, does not prevent a petitioner from filing a state habeas application or timely filing a federal habeas application. *See Respondent's Motion to Dismiss* at 6 (cases cited therein). Such situations generally do not constitute "rare and exceptional" circumstances that justify equitable tolling. Any denial of, or delayed receipt of, the state court records in this case does not warrant equitable tolling.

Notice of state habeas court ruling: Petitioner appears to seek equitable tolling for the failure to receive notice of the Texas Court of Criminal Procedure's denial of his state habeas corpus application. As set out above, the one-year statute of limitation for filing a federal habeas application had expired on **September 26, 2012**, approximately two (2) years prior to petitioner filing his state habeas application. Consequently, any lack of notice of the state court's ruling in the state habeas proceedings did not affect the timeliness of petitioner's federal habeas application. Petitioner is not entitled to any equitable tolling for any such delay in receiving notice of the state court ruling.

## VI.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's motion to dismiss, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that respondent's Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) be GRANTED, and the

petition for a writ of habeas corpus filed by petitioner CHUCKWA DON CRABTREE be DISMISSED.

VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 2nd day of June, 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## *NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).