IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHUCKWA DON CRABTREE, | § § | |
| Petitioner, | § § | |
| v. | § § | 2:16-CV-104 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | § | |

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO DISMISS, and DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a petition for a federal writ of habeas corpus. On June 2, 2017, the United States Magistrate Judge issued a Report and Recommendation in this cause, recommending therein that respondent's motion to dismiss be granted and that the instant habeas application be dismissed as time-barred. On June 12 and 15, 2017, petitioner filed objections to the Magistrate Judge's Report and Recommendation asserting his federal habeas petition should not be time barred because he is actually innocent of the crime of which he was convicted. Petitioner asserts his "plans" to kill himself "suddenly changed" and he, instead, killed the victim in a "crime of passion." Petitioner appears to argue his conclusory version of the unwitnessed events render him innocent of the offense of murder of which he was convicted, and only guilty of the lesser offense of voluntary manslaughter.

A credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id.* (quoting *Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853

(1993)). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

Petitioner has not presented new evidence, *i.e.*, evidence not available at the time of trial, much less reliable evidence, to demonstrate his innocence of the offense of murder. Nor has he demonstrated no fact finder, acting reasonably, would have found petitioner guilty of the offense of murder based simply on his self-serving, conclusory version of the unwitnessed events. Petitioner does not present evidence of innocence so strong that a court cannot have confidence in the outcome of the underlying proceeding. Further, petitioner's assertions support only a challenge to the legal sufficiency of the evidence to support his conviction, not a showing of factual innocence. Petitioner has not satisfied his burden to prove his actual innocence so as to create a gateway for review of his procedurally barred claims.

The undersigned United States District Judge has made an independent examination of the record in this case, and has considered the objections made by petitioner to the Report and Recommendation. The objections filed by petitioner are without merit and are hereby OVERRULED. The Magistrate Judge's Report and Recommendation is ADOPTED. Accordingly, respondent's motion to dismiss is GRANTED and the petition for a writ of habeas corpus is DISMISSED.

IT IS SO ORDERED.

ENTERED this ___20th___ day of _____June_____ 2017.

                                             _s/ Mary Lou Robinson_
                                             MARY LOU ROBINSON
                                             UNITED STATES DISTRICT JUDGE